

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Alex Alban, Kirk Askew, Bruse Bell, Ora Berry,      )
Aretha Blake, Lorriann Brooks, Ruth Brown,          )
Darron Bruce, Edward Canty, Kenya English,          )
Cristina Espindola, Renee Folden, Kris Gielnewski,  )
Allen Gordon, Jr., William Haley, Alonzo Hamer,     )
Marvin Hicks, Darren Hill, Diane Howard,            )
Chaundra Hughes, Denise Jackson,                    )
Aldrena Johnson, Jennifer Jones, Rodney Julun,      )
Auria Mercado, George Michko, Stan Mihajlovic,
Richard Moore, Michael Munley, Lorena Nungaray,
Yavaughn Oden, Raymond Pacheco, Jr,
Madison Palmer, Jr., Winston Pulliam,
Michael Reynolds, Tammette Rodgers,
Dwayne Sanders, Anthony Scalzitti, Charles Taylor,  )
William Tetyk,Wilhelmenia Wells,                    )
Mutiat Dosunmu-William and Thomas Wilson,           )
                                                    )
                                  Plaintiffs,       )
                                                    )
                    v.                              )
                                                    )
Chicago Transit Authority,                          )
                                                    )
                                  Defendant.        )

**07CV1538
JUDGE KENNELLY
MAG.JUDGE MASON**

## COMPLAINT

Plaintiffs, by and through their attorneys, Margaret Angelucci and Ryan A. Hagerty of Asher,

Gittler, Greenfield & D'Alba, Ltd., complain of Defendant, CHICAGO TRANSIT AUTHORITY,

and, in so doing, allege as follows:

### NATURE OF ACTION

1.      Count I of this action seeks to recover unpaid overtime compensation and other relief

under the Fair Labor Standards Act, as amended ("the FLSA"), 29 U.S.C. §§ 207, 216.

2.      Count II of this action seeks to recover unpaid overtime compensation and other relief

for any overtime hours that are not covered by the FLSA under the Illinois Wage Payment and

Collection Act, 820 ILCS 115/1 *et seq.* ("the IWPCA").

3.      Count III of this action seeks to recover unpaid straight time compensation and other relief under the IWPCA, 820 ILCS 115/1 *et seq.*

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over the FLSA claim pursuant to 28 U.S.C. §§ 1331, 1337.

5.      This Court has supplemental jurisdiction over the IWPCA claim pursuant to 28 U.S.C. §1367.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## PARTIES

7.      Defendant is a legally independent public entity located within Cook County, Illinois.

8.      Defendant was, and at all times hereinafter mentioned has been, an "employer" of Plaintiffs within the meaning of Sections 203(d) and 203(e)(2)(C) of the FLSA, 29 U.S.C. §§ 203(d) and (e)(2)(C), and, as such, is subject to the provisions of Section 207 of the FLSA, 29 U.S.C. § 207.

9.      At all relevant times, Defendant has been and is an "enterprise engaged in commerce or in the production of goods for commerce" and is a public agency for purposes of Section 203(s) of the FLSA, 29 U.S.C. § 203(s).

10.      Plaintiffs are residents and citizens of Illinois and consent to the maintenance of this action as required by Section 216(b) of the FLSA, 29 U.S.C. §216(b). A copy of Plaintiffs' Section 216(b) Consents are attached hereto as Exhibit A.

2

11.  At all relevant times, Plaintiffs were, and continue to be, non-exempt "employees" of Defendant within the meaning of Section 203(e)(2)(C) of the FLSA, 29 U.S.C. §203(e)(2)©.

12.  Defendant was, and at all times hereinafter mentioned has been, an "employer" of Plaintiffs within the meaning of Sections 1 and 2 of the IWPCA, 820 ILCS 115/1 and 2, and, as such, is subject to the provisions of the IWPCA, 820 ILCS 115/1, *et seq.*

13.  At all relevant times, Plaintiffs were, and continue to be, "employees" of Defendant within the meaning of Sections 1 and 2 of the IWPCA, 820 ILCS 115/1 and 2.

## FACTS COMMON TO ALL COUNTS

14.  At all relevant times, Plaintiffs worked in Defendant's Control Center.

15.  At all relevant times, Plaintiffs worked under a collective bargaining agreement between Defendant and the International Brotherhood of Electrical Workers, Local 134 ("the Union"). The term of the collective bargaining agreement pertinent was effective April 1, 2003, through December 31, 2003, which was extended by mutual agreement and as of the time of filing remains in effect.

16.  Since at least three years prior to the date on which this Complaint was filed, Defendant has required Plaintiffs to report to work a minimum of ten (10) minutes prior to the start of their daily work shifts for briefing purposes (hereinafter referred to as the "briefings").

17.  Defendant has failed and refused to compensate Plaintiffs for any of the time they spent attending the briefings prior to the start of their shifts.

## COUNT I

Plaintiffs reallege and incorporate paragraphs 1-17 as paragraphs 1-17 of Count I.

18.  During one or more workweeks between March 19, 2004, and the present,

3

Plaintiffs were suffered or permitted to work in excess of forty (40) hours for Defendant.

19.     During weeks in which Plaintiffs were required to work in excess of forty (40) hours, Defendant required Plaintiffs to attend ten-minute briefings before the start of their daily work shifts.

20.     Plaintiffs are entitled to compensation at a rate that is not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek for each workweek subsequent to March 19, 2004, pursuant to Sections 207 and 215(a)(2) of the Act, 29 U.S.C. §§207, 215(a)(2).

21.     By failing and refusing to compensate Plaintiffs for attending the pre-shift, briefings required by Defendant at a rate not less than one and one-half times their regular rate of pay during weeks in which Plaintiffs worked at least of forty (40) hours, Defendant has violated Sections 207 and 215(a)(2) of the Act, 29 U.S.C. §§ 207, 215(a)(2).

22.     Defendant's violations of the Act were willful in that Defendant's failure to pay proper overtime compensation was done knowingly and intentionally in violation of the Act or with reckless disregard for Defendant's obligations under the Act.

**WHEREFORE**, Plaintiffs pray that judgement be entered against Defendant as follows:

A.     A declaratory judgment finding that Defendant has willfully violated Sections 207 and 215(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2).

B.     A money judgment against Defendant for all sums which may be found to be due to Plaintiffs as compensatory damages, interest, liquidated damages, attorneys' fees and costs

C.     An order directing any other relief deemed to be just and proper by the Court.

4

## COUNT II

Plaintiffs reallege and incorporate paragraphs 1-22 as paragraphs 1-22 of Count II.

23.     Section 4.3 of the applicable collective bargaining agreement, a copy of which is

attached hereto as Exhibit B, provides, in pertinent part:

> Time-and-one-half (1 ½) the straight time hourly rate shall be paid for all hours
> worked in excess of eight (8) hours per day or night in any continuous twenty-four
> (24) hours beginning at the starting time of the employee's shift, except that when
> changeover is made, only straight time shall be paid for the second eight hours.
> However, whenever the regular work day is scheduled for ten (10) hours, time-and-
> one-half (1 ½) the straight time hourly rate shall be paid for all hours worked in
> excess of ten (10) hours per day or night in any continuous twenty-four (24) hours
> beginning at the starting time of the employee's shift, except that when changeover
> is made, only straight time shall be paid for the second ten (10) hours. Time-and-
> one-half (1 ½) the straight-time hourly rate shall be paid for all time worked in excess
> of forty (40) hours in any week. There shall be no pyramiding of overtime.
>
> In order to qualify for overtime on his day off, an employee must have worked his
> scheduled forty (40) hours during the workweek except if the employee was absent
> for funeral leave, vacation, holiday, jury duty, injury on duty, or military leave or is
> an elected or appointed Union official who was absent for Union business.

24.     The requirement that time-and-one-half the straight time hourly rate be paid for all

overtime hours under Section 4.3 of the collective bargaining agreement constitutes "wages"

within the meaning of Section 2 of the IWPCA, 820 ILCS 115/2.

25.     During one or more workweeks between April 1, 2003, and the present, Plaintiffs

have also been required to attend daily pre-shift briefings.

26.     During one or more workweeks between April 1, 2003, and the present Plaintiffs

qualified for overtime under Section 4.3 of the collective bargaining agreement due to work in

excess of 8 hours in a twenty-four hour period.

27.     During one or more workweeks between April 1, 2003, and the present Plaintiffs

5

qualified for overtime under Section 4.3 of collective bargaining agreement due to a combined total of Plaintiffs' actual work hours and time they were absent due to funeral leave, vacation, holiday, jury duty, injury on duty, military leave or Union business

28.     Defendant is required to pay, and Plaintiffs are entitled to receive, "all wages earned during the [established] pay period" pursuant to Section 3 of the IWPCA, 820 ILCS 115/3.

29.     By failing and refusing to compensate Plaintiffs for attending the pre-shift briefings required by Defendant at time-and-one-half their straight time hourly rates of pay during workdays and/or workweeks in which Plaintiffs qualified for overtime under Section 4.3 of the collective bargaining agreement, Defendant has violated Section 3 of the IWPCA, 820 ILCS 115/3.

**WHEREFORE**, Plaintiffs pray that judgement be entered against Defendant as follows:

A.     A declaratory judgment finding that Defendant has violated Section 3 of the IWPCA, 820 ILCS 115/3.

B.     A money judgment against Defendant for all sums which may be found to be due to Plaintiffs as compensatory damages and interest.

C.     An order directing any other relief deemed to be just and proper by the Court.

<u>COUNT III</u>

Plaintiffs reallege and incorporate paragraphs 1-29 as paragraphs 1-29 of Count III.

30.     Under Section 4.3 of the collective bargaining agreement, Plaintiffs must be paid the straight time hourly rate of pay for all hours worked.

31     The collective bargaining agreement's requirement that Plaintiffs be paid straight

6

time for all hours worked constitutes "wages" within the meaning of Section 2 of the IWPCA, 820 ILCS 115/2.

32.     During one or more workweeks between April 1, 2003, and the present, Plaintiffs have not qualified for overtime under Section 4.3 of the collective bargaining agreement.

33.     During one or more of the workweeks in which Plaintiffs have not qualified for overtime under Section 4.3 of the collective bargaining agreement, Plaintiffs have also been required to attend daily pre-shift briefings.

34.     Defendant is required to pay, and Plaintiffs are entitled to receive, "all wages earned during the [established] pay period" pursuant to Section 3 of the IWPCA, 820 ILCS 115/3.

35.     By failing and refusing to compensate Plaintiffs for attending the pre-shift briefings required by Defendant at their straight time hourly rates of pay during workweeks in which Plaintiffs have not qualified for overtime under Section 4.3 of the collective bargaining agreement, Defendant has violated Section 3 of the IWPCA, 820 ILCS 115/3.

**WHEREFORE**, Plaintiffs pray that judgement be entered against Defendant as follows:

A.     A declaratory judgment finding that Defendant has violated Section 3 of the IWPCA, 820 ILCS 115/3.

B.     A money judgment against Defendant for all sums which may be found to be due to Plaintiffs as compensatory damages and interest.

C.     An order directing any other relief deemed to be just and proper by the Court.

7

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

Respectfully submitted,

*Margaret Angelucci*
Margaret Angelucci

*Ryan A. Hagerty*
Ryan A. Hagerty

Margaret Angelucci
Ryan A. Hagerty
ASHER, GITTLER, GREENFIELD,
 & D'ALBA, LTD.
200 W. Jackson Blvd., Suite 1900
Chicago, Illinois 60606
(312) 263-1500

8

## PLAINTIFF'S CONSENT FORM

I, _ALEX ALBA_ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

**EXHIBIT**

_A_

## **PLAINTIFF'S CONSENT FORM**

I, ___Kirk  Askew___ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____Kirk Ask_____
(signature)

## **PLAINTIFF'S CONSENT FORM**

I, Bruse A. Bell         , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

Bruse a. Bell
_____
(signature)

## **PLAINTIFF'S CONSENT FORM**

I, _Ora Berry_, (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_Ora Berry_
(signature)

**PLAINTIFF'S CONSENT FORM**

I, _Aretha Blake_ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_Aretha Blake_
(signature)

## **PLAINTIFF'S CONSENT FORM**

I, _Lorri Brooks_ (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_Lorri ann Brooks_
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Ruth Brown_ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _DARRON BRUCE_ (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_Darron Bruce_
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Edward F. Conty_ (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_Edward F. Conty_
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Kenya K. English_, (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_Kenya English_
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Cristina M Espindola_ (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, Renee Folden , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

(signature)

## PLAINTIFF'S CONSENT FORM

I, _KRIS W. GIELNIEWSKI_ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Allen C. Gordon Jr_ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_Allen C Gordon Jr_
(signature)

## PLAINTIFF'S CONSENT FORM

I, **William Haley**, (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

William Haley
(signature)

## PLAINTIFF'S CONSENT FORM

I, _____ (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Marvin Hicks_ (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, __DARREN HILL__ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Dianis Hund_ (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I _Chaundra C. Hughes_ (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_Chaundra C. Hughes_
(signature)

## PLAINTIFF'S CONSENT FORM

I, ~~Hazia D Jackson~~ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Aldrena Johns_ (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Jennifer Jones_, (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Rodney V. Julun_, (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _AURIA MERCADO_, (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_Auria Mercado_
_____
(signature)

## **PLAINTIFF'S CONSENT FORM**

I, _GEORGE MICHKO_ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_George Michko_
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Stan Mihajlovic_ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Richard Moore_ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, __MICHAEL MUNLEY__ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Lorena   Nungaray_, (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _YaVaughn M. Oden_, (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Raymond J. Pacheco Jr._ (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

(signature)

## PLAINTIFF'S CONSENT FORM

I, Madison S. Palmer Jr. (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_Madison S Palmer Jr_
(signature)

## PLAINTIFF'S CONSENT FORM

I, W P. Pulliam _____, (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Michael Reynolds_, (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_Michael Reynolds_
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Tammette Rodgers_ (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

(signature)

## PLAINTIFF'S CONSENT FORM

I, _Dwayne E. Sanders_ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_(signature)_

## PLAINTIFF'S CONSENT FORM

I, _Anthony G. Scalzitti_ (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Charles Taylor_ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, WILLIAM Tetyk (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_William J. Tetyk_
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Wilhelmenia Wells_, (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_Wilhelmenia L. Wells_
(signature)

## PLAINTIFF'S CONSENT FORM

I, Mutiat Dosunmu-Williams (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)

## PLAINTIFF'S CONSENT FORM

I, _Thomas Wilson_ , (print name) hereby consent to sue my employer, Chicago

Transit Authority, and authorize ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.,

pursuant to Section 216(b) of the Fair Labor Standards Act, to represent me in my lawsuit against

my employer.

_____
(signature)



"We deliver quality, affordable transit services that link people, jobs, and communities."

# WAGE AND WORKING CONDITIONS AGREEMENT
### BETWEEN THE
## Chicago Transit Authority
### AND THE
## International Brotherhood of Electrical Workers
### Local Union #134 - Controllers

### Effective April 1, 2003 - December 31, 2003

EXHIBIT

B

CTA-IBEW, Local 134 Wages and Working Conditions Agreement

April 1, 2003 through December 31, 2003

## TABLE OF CONTENTS

**SECTION**                                                              **PAGE**

Witness Clause ................................................................................................ 1

**Article 1 – Union Recognition and Authority and Union Responsibility – General** ............................................................. 1

| | |
|---|---|
| 1.1 | Union Recognition and Scope ........................................................ 1 |
| 1.2 | Membership ................................................................................. 1 |
| 1.3 | Management Rights........................................................................ 1 |
| 1.4 | No-Strike – No Lockout.................................................................. 2 |
| 1.5 | Probationary Period ...................................................................... 2 |
| 1.6 | Union Steward .............................................................................. 2 |
| 1.7 | Union Representatives.................................................................... 2 |

**Article 2 – Wage Rates, Jury Duty and Funeral Allowance** ...................... 2

| | |
|---|---|
| 2.1 | Annual Salary ............................................................................. 2 |
| 2.2 | Jury Duty..................................................................................... 3 |
| 2.3 | Funeral Allowance ....................................................................... 3 |

**Article 3 – Seniority and Working Rules** ................................................ 4

| | |
|---|---|
| 3.1 | Seniority...................................................................................... 4 |
| 3.2 | Layoff and Recall .......................................................................... 4 |
| 3.3 | Breaking Seniority......................................................................... 4 |

**Article 4 – Hours, Workweek and Overtime** ........................................... 5

| | |
|---|---|
| 4.1 | Hours ......................................................................................... 5 |
| 4.2 | Lunch ......................................................................................... 5 |
| 4.3 | Overtime ..................................................................................... 5 |
| 4.4 | Assignment of Overtime.................................................................. 6 |
| 4.5 | Overtime for Misses or Emergencies................................................. 6 |
| 4.6 | Call Out...................................................................................... 6 |
| 4.7 | Work in Other Classifications.......................................................... 6 |
| 4.8 | Changes in Work Schedules............................................................ 6 |

(b)      If the employee is discharged for cause and not reinstated.

(c)      If the employee is absent for three (3) consecutive working days, unless a satisfactory reason is given for his absence.

(d)      If the employee who has been laid off fails to return to work within three (3) days after being properly notified at the employee's last known address to report for work and does not give satisfactory reason for failing to report.

(e)      If the employee is laid off for more than 24 consecutive months. However, in cases where employees with five (5) or more years' seniority are laid off in excess of five (5) continuous years, the seniority of such employees shall terminate.

## ARTICLE 4 – HOURS, WORKWEEK AND OVERTIME

4.1      Hours:  A full-time employee shall normally be scheduled for five (5) days of eight (8) hours of work each, comprising forty (40) hours of work per week, Sunday through Saturday.

The Authority may establish a work week for all or some employees consisting of four (4) days of ten (10) hours of work each, comprising forty (40) hours of work per week, Sunday through Saturday.  In the event the Authority establishes such work week, it will provide the Union with three (3) week's notice and at the Union's request, meet with it to discuss the effects of the schedule change.  Assignments will be made by using job classification seniority.  Such schedule shall remain in effect for at least 60 days.

Full-time employees shall receive two (2) consecutive days off in accordance with the practice in effect on the date of this Arbitration Award, in that there will be times when rotation occurs that some employees may not receive two (2) consecutive days off.  Such practice permits the bridging of work weeks to accomplish the two (2) consecutive days off and also provides for the rotating of days off each period.

4.2      Lunch:  All full-time employees shall be completely relieved from duty for a one-half (1/2) hour lunch which shall not be paid for nor included in the regular working hours.

If an employee is required to work through his meal period, the employee will be given a different meal period to be scheduled within three (3) to five (5) hours of the beginning of the shift.  If the Authority is unable to reschedule the meal period, the Authority will pay the employee one and one-half (1 1/2) times the applicable hourly rate of pay for the meal time missed.

4.3      Overtime:  Time-and-one-half (1-1/2) the straight time hourly rate shall be paid for all hours worked in excess of eight (8) hours per day or night in any continuous twenty-four (24) hours beginning at the starting time of the employee's shift, except that when changeover is made, only straight time shall be paid for the second eight (8) hours.  However, whenever the regular work day is scheduled for ten (10) hours time-and-one-half (1-1/2) the straight time hourly rate shall be paid for all hours worked in excess of ten (10) hours per day or night in any continuous twenty-four (24) hours beginning at the starting time of the employee's shift, except that when

changeover is made, only straight time shall be paid for the second ten (10) hours. Time and one-half (1-1/2) the straight time hourly rate shall be paid for all time worked in excess of forty (40) hours in any week. There shall be no pyramiding of overtime.

In order to qualify for overtime for his/her day off, an employee must have worked his/her scheduled 40 hours during the work week except if the employee is absent for funeral leave, vacation, holiday, jury duty, injury on duty, military leave or an elected or appointed Union official on Union business.

Overtime shall be distributed as equally as practical among the employees who generally work on the class of overtime work being performed.

Employees must work overtime in cases of emergencies. In non-emergency situations, employees shall have the privilege of passing up overtime, in favor of the employee next up for overtime work. Any employee passing up overtime work shall have this time charged up to him/her.

4.4    ASSIGNMENT OF OVERTIME   When the need for additional manpower or substitute coverage is required and known by the Authority at least 24 hours prior to assignment, the Authority will assign the overtime by seniority within the classification.

4.5    OVERTIME FOR MISSES OR EMERGENCIES   When misses in assignments or emergencies occur that may result in calling out employee(s), the overtime will first be offered to the employee who is due to get relieved. If that employee refuses, he/she is only required to remain until the position is filled.

4.6    CALL OUT   Employees called out for short period of time will be paid for time worked.

4.7    WORK IN OTHER CLASSIFICATIONS   Employees required to work and working in another classification will be paid the hourly rate of the classification, or employee's hourly rate, whichever is higher.

4.8    CHANGES IN WORK SCHEDULES   The workdays and hours to which employees are assigned shall be stated on the work schedule. Should it be necessary in the interest of efficient operations to establish schedules departing from the normal workday or workweek, the Authority will give notice of such change to the affected employee(s) as far in advance as is reasonably practical.

## ARTICLE V – HOLIDAYS

5.1    PAID HOLIDAYS   For all employees covered by this Agreement, New Year's Day, Easter Sunday, Memorial Day, Fourth of July, Labor Day, Thanksgiving Day, Christmas Day, the day observed for the employee's Anniversary of Birth, and the day observed for the employee's Anniversary of Employment, or the days celebrated for such holidays, will be paid holidays. Employees who do not work on such holidays will receive eight (8) hours pay, provided they would have been scheduled to work and would have worked had it not been a holiday, and

AUTHORIZED BY CHICAGO TRANSIT
BOARD ORDINANCE NO. 004-121
ORDINANCE DATE: 8-11-04

Carole L. Brown
Chairman
Chicago Transit Board

ATTEST:

Gregory P. Longhini
Assistant Secretary
Chicago Transit Board

RECOMMENDED:

Frank Kruesi
President

Dorval R. Carter, Jr.
Executive Vice President
Management & Performance

Robert M. Gierut
Vice President
Employee Relations

APPROVED AS TO FORM AND LEGALITY

Darka Papushkewych
General Counsel

LOCAL UNION NO. 134 OF THE
INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS

Mike Fedanzo
Business Representative

Michael Fitzgerald
Business Manager

ORDINANCE NO. 004-121

AN ORDINANCE AUTHORIZING
EXECUTION OF A COLLECTIVE
BARGAINING AGREEMENT CONTAINING
THE TERMS OF THE INTEREST
ARBITRATION AWARD BETWEEN THE
CHICAGO TRANSIT AUTHORITY AND THE
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL UNION 134

WHEREAS, The Metropolitan Transit Authority Act (70 ILCS 3605/28a) provides that the Chicago Transit Board has the right to deal with and enter into Collective Bargaining Agreements with employees represented by a labor organization; and

WHEREAS, The International Brotherhood of Electrical Workers, Local 134, is the bargaining agent for the Authority's controllers; and

WHEREAS, The Authority and the International Brotherhood of Electrical Workers, Local Union 134, have been issued an Interest Award by Arbitrator Stephen Hayford for the term of April 1, 2003, to December 31, 2003; now, therefore:

BE IT ORDAINED BY THE CHICAGO TRANSIT BOARD
OF THE CHICAGO TRANSIT AUTHORITY:

SECTION 1.  That the Chairman of the Chicago Transit Board, or her designee, is hereby authorized to execute the Interest Arbitration Award between the Chicago Transit Authority and International Brotherhood of Electrical Workers.

SECTION 3.  This ordinance shall be in full force and effect from and after its passage.

APPROVED:                                          PASSED:

_____                        _____
Chairman                                           Assistant Secretary

August 11, 2004                                    August 11, 2004